UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lisa Marie Brady

    v.　　　　　　　　　　　　　　　　　Civil No. 23-cv-391-LM
　　　　　　　　　　　　　　　　　　　　Opinion No. 2023 DNH 143 P
Jeni Mosca, et al.

**O R D E R**

    Lisa Brady, a former teacher in the Somersworth School District, brings federal and state claims against the Somersworth School Board; Jeni Mosca, former Somersworth School District Superintendent; Pamela MacDonald, former Special Education Coordinator for the Somersworth School District; and Dana Hilliard, former Somersworth School Principal (collectively, the "Somersworth Defendants"). Doc. no. 1 at 2-3; doc. no. 11-1 at 1. She is also suing Jeanne Kincaid, former legal counsel to the school district; Richard Farrell, a complaint investigator for the New Hampshire Department of Education; Virginia Barry, former Commissioner of the New Hampshire Department of Education; and the New Hampshire chapter of the National Education Association ("NEA-NH"). Doc. no. 1 at 2-4. In addition, Brady is suing current and former employees of the University of New Hampshire: Daniel Habib, Mary Schuh, and Michael McSheehan (collectively, the "UNH Defendants"). Id. at 4.

    After the Somersworth Defendants moved to dismiss, Brady filed a motion to stay her case until the First Circuit Court of Appeals rules on her motion for

reconsideration of the judgment against her in Brady v. Howard, No. 22-1060 (see Brady v. Howard, 21-cv-614-PB (D.N.H. Sept. 11, 2023) (the "Howard case")), and to stay any ruling on the Somersworth Defendants' motion to dismiss until the court holds an evidentiary hearing on the motion. Doc. no. 19. Neither of Brady's requests provides grounds to stay this case.

## STANDARD OF REVIEW

District courts have broad discretion to stay proceedings by virtue of their inherent power to control their own dockets.[1] See Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); City of Bangor v. Citizens Commc'ns Co., 532 F.3d 70, 99 (1st Cir. 2008). A stay pending resolution of another suit is warranted where such a stay "would certainly narrow the issues in the pending cases and assist in the determination of the questions of law involved." Landis, 299 U.S. at 253. The party requesting a stay has the burden of demonstrating its necessity. Clinton, 520 U.S. at 708. If there is a "fair possibility" that a stay would damage another party, the moving party must demonstrate the stay's necessity by establishing "a clear case of hardship or inequity in being

---

[1] Both Brady and NEA-NH cite the standard used in reviewing whether to grant a stay of judgment pending appeal in the same case. See, e.g., Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos., 996 F.3d 37, F.4th 20, 24 (1st Cir. 2022) (laying out four-part test). Id. Because this case is not the same case as that on appeal, the standard for reviewing a request for a stay while a separate case is pending on appeal is applicable here. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).

required to go forward." Landis, 299 U.S. at 255; accord Austin v. Unarco Indus., Inc., 705 F.2d 1, 5 (1st Cir. 1983).

## DISCUSSION

Brady makes two arguments in favor of a stay. First, she asks the court to stay this case, pending appeal in the Howard case, because she meant to file both suits at the same time. She states that once the Howard case is reinstated, she intends to move to consolidate the cases. Second, Brady seeks a stay of the Somersworth Defendants' motion to dismiss on the grounds that an evidentiary hearing is required to resolve "disputes over issues of fact" and "to ensure justice." Doc. no. 19 at 2. The court addresses both arguments below.

I.  Stay Pending Resolution of Brady's Case on Appeal

Brady argues that a stay is necessary so that she can move to consolidate the cases. She asserts that consolidation would permit her to "succinctly prove that all court records related to [the case on appeal—the Howard case] were unlawfully rendered . . . ." Doc. no. 19 at 10-11. Although both cases stem from Brady's years-long "effort to challenge the termination of her employment," her claims in the Howard case concern the judicial conduct of a New Hampshire state judge and New Hampshire Supreme Court Justices. See Howard, No. 21-cv-614-PB, 2022 WL 88159, at *1-2 (D.N.H. Jan. 7, 2022). Her claims here, however, concern an alleged conspiracy among the educators, administrators, and related parties in her first

3

employment termination suit. See Brady v. Sch. Bd., Somersworth Sch. Dist., Civ. No. 16-cv-069-JD, 2016 WL 6537629, at *1 (D.N.H. Nov. 3, 2016). Though they share a common factual origin, the claims are otherwise unrelated. A stay pending resolution of the Howard case would not promote efficiency or otherwise narrow the issues presently before the court here. See Landis, 299 U.S. at 253.

Moreover, there is more than a "fair possibility" that a stay would harm the many defendants involved in this years-long litigation by dragging out time-consuming and costly proceedings. In contrast, Brady fails to state "a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255. For these reasons, the court denies Brady's request to stay this case pending the outcome of her motion for reconsideration in the Howard case.

II.     Stay of Pending Motion to Dismiss

Currently pending before the court is the Somersworth Defendants' motion to dismiss Brady's claims under Federal Rule of Civil Procedure 12(b)(6). For purposes of deciding a motion under Rule 12(b)(6), the court construes the well-pleaded facts alleged in the complaint as true and resolves reasonable inferences in the plaintiff's favor. Webb v. Injured Workers Pharm. LLC, 72 F.4th 365, 371 (1st Cir. 2023). The court does not resolve factual disputes or hold evidentiary hearings at this stage. See, e.g., Peck v. Hoff, 660 F.2d 371, 374 (8th Cir. 1981) (per curiam). For these reasons, the court denies Brady's request to stay a ruling on the motion to dismiss pending an evidentiary hearing.

## CONCLUSION

Brady's motion for a stay (doc. no. 19) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 20, 2023

cc: Lisa Marie Brady, pro se
      Counsel of Record